UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN JOSUE HERNANDEZ,

                 Petitioner,

-against-

JOSEPH L. MCELROY, Superintendent, Orange County Correctional Facility; TODD LYONS, Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; PAMELA BONDI, Attorney General of the United States,

                 Respondents.

Case No. 1:26-cv-00127 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Petitioner, a non-citizen detained by U.S. Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus in this Court on January 7, 2026. *See generally* Dkt. 1. In it, he sought to enjoin ICE from transferring him out of the Orange County Jail until such time as he could marry his fiancée. *Id.* ¶¶ 6-9. The Court closed the matter on January 29, 2026, after Respondents agreed to provide Petitioner with that relief and the parties entered a stipulation reflecting their agreement (the "Stipulation"). *See generally* Dkt. 9. The Stipulation provided that the Court "shall retain jurisdiction to enforce compliance with" it. *Id.* at 2.

      On February 4, 2026, Petitioner filed an emergency motion seeking to reopen the matter. *See generally* Dkt. 10. In that motion, he alleges that certain ICE officials and counsel for the Department of Homeland Security ("DHS") represented to an immigration judge, during a bond hearing, that Petitioner had been transferred out of Orange County. *Id.* ¶ 8. Petitioner further alleges that DHS filed conflicting forms with the immigration court: one stating that he had been

transferred to a facility in Indiana, and another stating he remained in Orange County. *Id.* ¶¶ 11, 13. As a result of this confusion, Petitioner alleges, the immigration judge denied his bond request, he was thereafter unable to communicate with his attorney, and the immigration court did not schedule a new bond hearing or master calendar hearing for him. *Id.* ¶¶ 14-16. He concludes that ICE "callous[ly] disregard[ed]" the Stipulation, and he asks this Court to order his immediate release from custody. *Id.* ¶¶ 17-18.

On February 6, 2026, the Court directed Respondents to (1) confirm that Petitioner remained detained in Orange County and (2) respond to Petitioner's motion to reopen. *See* Dkt. 11. Respondents so confirmed the next day. *See generally* Dkt. 12. Respondents also advised that the above-described confusion was the result of an inadvertent administrative error that had since been corrected. *See id.* at 1. Respondents further advised that the immigration court had subsequently rescheduled Petitioner's bond hearing and master calendar hearing, and that Petitioner had spoken with his attorney two days earlier. *Id.* Respondents included, with their formal response to Petitioner's motion on February 9, 2026, a declaration from ICE Acting Assistant Field Office Director Joseph Pujol. *See* Dkt. 14. Director Pujol explained that, even though ICE is aware of the Stipulation, Petitioner's name had been included on a list of twenty detainees being transferred out of Orange County to free up "additional bedspace." *Id.* ¶¶ 6-8. ICE's Office of the Principal Legal Advisor noticed that mistake in due course and directed that Petitioner's transfer be canceled; ICE complied with that directive and filed paperwork to correct the error. *Id.* ¶¶ 10-12. ICE thereafter facilitated a phone call between Petitioner and his counsel. *Id.* ¶ 13.

Having reviewed the parties' submissions, the Court DENIES Petitioner's emergency motion. Under Federal Rule of Civil Procedure ("Rule") 60(b), the Court "may relieve a party or its legal representative from a final judgment [or] order" for "any . . . reason that justifies relief."

Fed. R. Civ. P. 60(b); *see also Baez v. N.Y.C. Hous. Auth.*, No. 13-cv-08916 (WHP), 2018 WL 6242224, at *3 (S.D.N.Y. Nov. 29, 2018) ("A stipulation of dismissal is a final judgment subject to a Rule 60(b) motion." (quoting *Laurenzano v. Crossland Sav. Bank, FSB*, 837 F. Supp. 514, 515 (E.D.N.Y. 1993))); *cf. Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 311-12 (2025) (holding that Rule 60(b) applies to voluntary dismissals without prejudice).  In addition, "a district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it," as long as it has retained jurisdiction to enforce that agreement.  *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 728 (S.D.N.Y. 2018) (alteration adopted) (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) (per curiam)).

  Petitioner fails to identify a basis that would justify reopening this matter or that would require the Court to enforce the Stipulation.  Indeed, Petitioner does not allege that he was transferred out of Orange County, and his factual allegations do not support his conclusion that "ICE attempted to transfer" him.  Dkt. 10 ¶ 2.  Rather, he alleges that certain officials told an immigration judge that he was being transferred, and that this led to certain scheduling difficulties.  *Id.* ¶¶ 8, 11-16.  That does not violate the Stipulation.  Moreover, Director Pujol explained that Petitioner's inclusion on a list of detainees to be transferred was a mistake, and he has detailed the steps ICE has taken to remedy the resulting confusion.  *See generally* Dkt. 14.  In short, the relief Petitioner requested in his habeas petition has been provided to him through the Stipulation, and Petitioner has not demonstrated that ICE violated the Stipulation.  There is, accordingly, no reason to reopen this matter, and no term of the Stipulation that this Court must enforce.

Therefore, Petitioner's motion to reopen is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 10.

Dated: February 18, 2026
      New York, New York

                                      SO ORDERED.

                                      *Jennifer Rochon*
                                      JENNIFER L. ROCHON
                                      United States District Judge